JOSEPHINE ROSENSTEIN

v.

ELIZABETH V. CASE ET AL.

1. PLEA TO THE JURISDICTION—NEED NOT BE VERIFIED.—A plea to the jurisdiction of the court is expressly excepted by statute from the provision requiring pleas in abatement to be verified, and it is therefore unimportant whether the affidavit to the plea in question was sufficient or not.

2. CONSTRUCTION OF A STATUTE—JURISDICTION.—Where the question involves the validity of a statute or the construction of the constitution, this court has no power to decide the case. The appeal should be taken direct to the Supreme Court.

3. JURISDICTION OF CIRCUIT COURTS IN CLAIMS AGAINST ESTATES.—The question here raised—whether circuit courts have jurisdiction of claims against estates of deceased persons—involves the consideration of statutes which are in apparent conflict with the constitution, and cannot be considered by this court.

ERROR to the Circuit Court of Cook county; the Hon. T. A. MORAN, Judge, presiding. Opinion filed November 2ᵈ, 1881.

This was an action of assumpsit, brought in the Circuit Court of Cook County, by Josephine Rosenstein against Elizabeth V. Case, and another, executors of the last will and testament of John R. Case, deceased, to recover certain indebtedness due from said John R. Case in his lifetime, to the plaintiff. The record fails to show any service of process, but on the second day of October, 1879, the plaintiff filed in the court below, a declaration consisting of the ordinary common counts, and on the 14th day of the same month the defendants appeared and filed their plea to the jurisdiction of the court as follows:

" And the said defendants, in their own proper persons, come and say, that this court ought not to have or take further cognizance of the action aforesaid, because they say that this action is brought against them, the said defendants, as executors of the estate of John R. Case, deceased, to recover the value of certain goods, alleged to have been received by

Rosenstein v. Case.

the said John R. Case, in his lifetime; that the said John R. Case died on the fourth day of September, A. D. 1877, in his mansion house and known place of residence at Elmhurst, in the county of DuPage, and State of Illinois, and left a last will and testament; that at the time of his decease, and for twenty years prior thereto, the said John R. Case had a mansion house and kn own place of residence, at the said Elmhurst, and at no other place; that on the 17th day of September, A. D. 1877, and within thirty days next after the decease of the said John R. Case, the defendants herein caused the said will of the said John R. Case to be proved and recorded in the County Court of DuPage county, in the State of Illinois, and that on the said 17th day of September, A. D. 1877, the said will was admitted to probate, in and by the said county court, and on said day letters testamentary issued out of said county court to these defendants, as executors of said will; that these defendants, thereupon, as such executors, fixed upon the December term, A. D. 1877, of said county court, for the adjustment of all claims against the said John R. Case, and published a notice thereof for six successive weeks in the Wheaton Illinoisian; that the same is a public newspaper, published in said DuPage county; that the first publication thereof was on September 21, 1877, and the last publication thereof was on October 26, 1877, and that these defendants also put up a printed notice thereof on the door of the court house in said DuPage county, and in five other of the most public places in said DuPage county, notifying and requesting all persons having claims against the estate of the said John R. Case, to attend at said term of court, for the purpose of having the same adjusted; and these defendants further say that they were in attendance at said December term of said county court, and that the said plaintiff did not exhibit, and never has exhibited to the said county court, any claim or demand whatever against the said estate. These defendants further say, that this action was not commenced within one year after the issuing of letters testamentary, or of administration to these defendants, and that the said county court has full and original jurisdiction of the subject matter

of this suit, and that they are advised and believe that this court had no jurisdiction whatever of the same; and this the said defendants are ready to verify, wherefore they pray judgment, whether this court can or will take further cognizance of the action aforesaid."

The foregoing plea was verified by the affidavit of one Walter M. Howland, and to said plea the plaintiff filed a demurrer, alleging therein, as special grounds of demurrer, various defects in the affidavit verifying the same; and said demurrer being overruled by the court, the plaintiff elected to abide by her demurrer, whereupon final judgment was rendered in favor of the defendants. To reverse said judgment, the plaintiff brings the record here by writ of error, and assigns for error the decision of the court below overruling said demurrer.

Mr. SIDNEY THOMAS, for plaintiff in error; that the circuit court had jurisdiction, cited Constitution 1870, Art. 111, § 12; Burns v. Henderson, 20 Ill. 264; Rev. Stat. 1877, 334, §§ 65, 68, 69.

Mr. WALTER M. HOWLAND, for defendants in error.

BAILEY, J. It is plain that none of the special grounds of demurrer to the plea are well taken. They simply call in question the sufficiency of the affidavit by which the plea is verified; but as a plea to the jurisdiction of the court, is expressly excepted by the statute, from the provision requiring pleas in abatement to be verified, it is unimportant whether the affidavit was sufficient or not. Sec. 1, Chap. 1, R. S. 1874.

It is urged that the demurrer should have been sustained on the ground of duplicity; but as that point was not specially raised by the demurrer, it cannot be considered. 1 Chitty's Plead. 228.

The only material question in the case is whether under our constitution and statutes, the circuit courts have jurisdiction of suits brought against executors and administrators upon claims against estates. It is insisted by the plaintiff, that the jurisdiction of those courts includes suits of this char-

Rosenstein v. Case.

acter as well as others, while it is claimed by the defendants, that exclusive original jurisdiction of all matters in relation to the settlement of estates of deceased persons, is committed to county courts sitting as courts of probate.

Section 12, Article 6, of the constitution of 1870, is as follows: "The circuit courts shall have original jurisdiction of all causes in law and equity, and such appellate jurisdiction as is, or may be provided by law." Section 18 of the same article provides as follows: "County courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, appointment of guardians and conservitors, and settlements of their accounts, in all matters relating to apprentices, and in proceedings for the collection of taxes and assessments, and such other jurisdiction as may be provided for by general law."

The counsel for the plaintiff has reviewed the several statutes now in force bearing upon the question of the jurisdiction of these two courts, in suits against executors and administrators, and seeks to establish the conclusion that by statute exclusive jurisdiction is given to the county courts. We are unable to read the statutes as he does, but if he is correct, the question necessarily arises whether such statute is not invalid by reason of being in contravention of the constitution, a question which we have no power to decide, since section 88 of the act in relation to practice in courts of record, as amended June 2, 1879, provides that appeals from, and writs of error to circuit courts, etc., in cases in which the validity of a statute is involved, shall be taken directly to the Supreme Court.

But the statute last quoted also provides that appeals and writs of error in cases in which a construction of the constitution is involved, shall be taken directly from the circuit court to the Supreme Court, so that if a construction of the constitution is involved here, the case should for that reason have been taken directly to the Supreme Court, and not to this court.

The word construction is variously defined by different writers. Some writers, following the acute and subtle reason-

ing of Francis Lieber, in his treatise on Legal and Political Hermeneutics, have distinguished between construction and interpretation, holding that interpretation is ascertaining the true sense of the language of the writing by limiting the inquiry to a consideration and comparison of the words themselves, while construction is "the drawing of conclusions respecting subjects that lie beyond the direct expression of the text, from elements known from and given in the text—conclusions which are in the spirit, though not within the letter, of the text."—Lieber's Leg. & Pol. Herm. Chap. 3, Sec. 2. This distinction we believe, however, has never been observed by the courts of this country, but the words have been used indiscriminately, or rather the word construction is used as including what is ordinarily understood by the words interpretation, explanation or exposition, as well as what is embraced within its strict and limited signification. Such being the ordinary use of the word in the jurisprudence of the country, it cannot be doubted that the General Assembly used it in that sense in the statute, by which the jurisdiction of appeals from, and writs of error to, circuit courts, is parcelled out between this court and the Supreme Court.

Of course, if the language of a constitution or statute is so plain that no possible doubt as to its meaning can arise, there can be no room for construction. But such is the infirmity of human language that the degree of certainty which excludes all resort to construction or interpretation, is rarely attainable. In most cases, doubts do and will arise, either as to the meaning of the words in themselves, or as to their application to extrinsic facts, and these doubts must be resolved by some course of reasoning or comparison—in other words, by construction.

Nor does it seem to be at all important, so far as our jurisdiction of a particular appeal is concerned, whether the construction of the constitution raised is one of difficulty or otherwise. A question of constitutional construction being necessarily involved, we have no power under the statute to decide the case, however ready at hand the answer to the question may be.

Rosenstein v. Case.

Applying the foregoing views to this case, we think it clear that it should have gone directly to the Supreme Court. Whether the jurisdiction of the county courts in matters of probate, and the settlement of the estates of deceased persons, is exclusive of the general jurisdiction given to the circuit courts by another section of the Constitution, involves a question of the interpretation of the language by which jurisdiction is conferred on the county courts, and a comparison of the two sections so as to produce an adjustment of the same to each to each other.

To hold that notwithstanding the language that the county courts shall have jurisdiction in *all* matters of probate, and the settlement of the estates of deceased persons, the circuit courts may have jurisdiction of suits upon claims against estates, involves a conclusion which does not arise from the language of the 18th Section, but which is in apparent conflict with it. True, this jurisdiction seems to be given to the circuit courts by the 12th section, but the apparent conflict between the two sections, however slight, can only be settled by a resort to construction.

It may further be observed, that the court below, by holding the jurisdiction of the county court to be exclusive, has reached that conclusion, by placing a particular construction upon these constitutional provisions. We are able to see no other ground upon which the demurrer could have been overruled. To say that such construction was erroneous, would be a mere substitution of our construction for that given by the circuit court, and would be, in fact, construing the Constitution, a thing we have no power to do.

As under the present statute, we are without jurisdiction of the case, the writ of error will be dismissed.

Dismissed.